## GARDNER *v.* VANCE.

### [No. 9,110. Filed October 25, 1916.]

1. APPEAL.—*Instructions.—Applicability to Pleading.*—In an action for personal injuries received when plaintiff was struck by defendant's automobile, defendant cannot on appeal complain of an instruction that does not follow the averments of the complaint as to plaintiff's location at the time of the accident, where the facts referred to in such instruction are supported by uncontradicted evidence which was received without objection. p. 28.

2. NEGLIGENCE.—*Driving Automobile.—Collision on Highway.—Verdict.—Evidence.—Sufficiency.—Violation of Statute.*—In an action for personal injuries, where it appeared from the evidence that defendant was proceeding along a public highway in his automobile at a speed of twenty-five miles per hour, and, although he was signalled to stop his car or slacken its speed, failed to do so, but, in attempting to pass plaintiff's wagon and team, struck and injured plaintiff, who was walking on the road beside his horses so as to better control them, such evidence was sufficient to sustain a verdict for plaintiff, since it showed defendant guilty of actionable negligence, especially as he was so operating his motor car at the time of the accident as to violate one of the penal laws of the state. pp. 29, 30.

3. TRIAL.—*Jury Questions.—Conflicting Evidence.*—Where the evidence upon an issue is conflicting, a question of fact is presented for determination by the jury. p. 29.

4. NEGLIGENCE.—*Use of Highway.—Presumptions.*—In an action for personal injuries sustained in a collision with a motor car, plaintiff was without fault in walking on the road beside his horses so as to better control them, since one lawfully using a public highway has the right to assume that others using the highway in common with him will take notice of his presence and exercise a proper degree of care not to harm him. p. 30.

From Hendricks Circuit Court; *George W. Brill,* Judge.

Action by David W. Vance against Charles J. Gardner. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Harvey, Harvey & Harvey* and *Means & Buenting,* for appellant.

*Bert Winters, O. E. Gulley* and *A. J. Shelby,* for appellee.

IBACH, J.—On the day of the accident complained of, appellee charges that he was driving a team of horses attached to a wagon along one of the public highways of Boone county; that while so doing appellant approached him from the rear driving an automobile at a speed of twenty-five miles an hour; that appellee, fearing that his horses might become frightened at the approaching car, when appellant was one hundred yards to the rear, signalled him to stop his car or to slacken his speed; that he alighted from the wagon, and, while walking alongside of his wagon and horses to better control them, appellant negligently failed to stop or slacken his speed and negligently and carelessly ran his automobile against him and severely injured him. Appellee obtained a verdict and judgment for $600 in the court below, from which judgment appellant has appealed, and has assigned as error the overruling of his motion for a new trial. Under this assignment we are required to consider whether the court erred in giving to the jury instructions Nos. 2 and 5 and, whether the verdict of the jury is sustained by sufficient evidence.

Among the substantial averments of the complaint there is no specific charge that immediately before the collision occurred "appellee was riding in the vehicle of a 1. friend which was traveling immediately behind his team," yet the court added that element to his instruction wherein he attempted to inform the jury of the averments of the complaint. This is objected to.

The complaint also charges that when appellee was injured he was walking alongside of his team and wagon; but the trial court, referring to appellee's position upon the highway when injured, added in his charge to what is averred in the complaint in that connection the phrase, "or running up to his team." This is also objected to on the ground that

there was no averment in the complaint which warranted the use of such language.

It is the duty of the court, when charging the jury, to correctly state the issues upon which the cause is tried and any instruction given which has no application to any issue is erroneous and in many instances may be harmful and reversible error. And while the trial court, in using the language complained of to explain the position of appellee just prior to and at the time of the collision, went beyond the specific averments of the complaint, yet we are entirely satisfied that the appellant was not harmed thereby, especially since the uncontradicted evidence supported the additional facts referred to in the instruction and that evidence went to the jury without objection. Such being the case appellant is in no position to urge the objections which he now urges to the instructions given, and it is unnecessary to give them further consideration.

The other question discussed by appellant is whether there was sufficient evidence to sustain the verdict. The proof shows that at the time of the accident appellant was violating one of the penal statutes of this state; that a sufficient length of time before the collision, and while appellee was traveling upon the public highway, he indicated to appellant that his situation was such at that time as to make it necessary for appellant either to stop his car or to slacken its speed in order that a possible collision might be avoided, and yet he failed to use any precaution of any kind. In short there was evidence to sustain the charge that appellant carelessly and negligently and in violation of a penal statute of the state so operated his automobile as to inflict serious injury upon appellee. Appellant himself introduced no testimony on this branch of the case, but defended solely upon the theory that he was not there, and that it was not his car that inflicted the injury. This issue upon conflicting evidence was for the jury. It is apparent that appellant did not

exercise that degree of care which the situation of appellee and the character of the agency used by him required. It is also apparent that appellee was himself without

4. fault. There was no reason for him to suppose that he would be run down by a reckless driver while he was lawfully walking beside his team traveling on a public highway. Other persons traveling upon the same highway were bound to take notice of his presence and were required to exercise a proper degree of care not to do him harm, and appellee had a right to assume that other travelers would so act. There is no excuse or justification offered for

2. the careless and negligent manner in which the automobile was operated; and appellant, like all others who insist on speeding on the public highways of the state with no regard for the safety of other travelers, must respond in damages for injuries negligently done. No good reason appears why this court should overthrow the result reached in the court below

Judgment affirmed.

NOTE.—Reported in 113 N. E. 1006. Reciprocal duties of operators of automobiles and pedestrians, care required, 51 L. R. A. (N. S.) 990; 21 Ann. Cas. 648; 37 Cyc 273, 279. Negligence of operators of automobiles under particular state of facts, 1 L. R. A. (N. S.) 228.